UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HAWTHORNE-BURDINE,

    Plaintiff,

v.

OAKLAND UNIVERSITY; OAKLAND UNIVERSITY POLICE DEPARTMENT; MEDICOLEGAL SERVICES, LLC; MARK SCHLUSSEL; RICHARD DEVORE; MELISSA STOLICKER; MICHAEL KRAMER; RICHARD FLYNN; RONALD ROBINSON; SCOTT KUNSELMAN; W. DAVID TULL; GEORGE HYND; BETTY YOUNGBLOOD; JAMES LENTINI; VICTOR ZAMBARDI; CATHERINE RUSH; SAMUEL LUCIDO; JANINE DEWITTE; MARK GORDON; SARAH NEWTON; JOHN KRAUSS; GLENN MCINTOSH; NANCY SCHMITZ; JAMES FRANKLIN; KERRI SCHUILLING; GARY MOORE; DARLENE SCHOTT-BAER; CHERYL MCPHERSON; CARLY SCHATZBERG; CHERYL MICHELLE PISKULICH; KATHLEEN WALSH SPENCER; DOES 1-100 inclusive; all individuals sued in official and personal capacity; and all defendants sued jointly and severally.

    Defendants.

Case No. 15-cv-13285

Hon. Gershwin A. Drain

---

**DEFENDANT MEDICOLEGAL SERVICES, LLC'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

## **MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Medicolegal Services, LLC moves this Court for dismissal of Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

Based on the allegations in the First Amended Complaint, it appears that the sole count against Medicolegal is at Count IX for hostile work environment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Plaintiff also references Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.*, and the Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101 *et seq.*, in the title of Count IX; however, the supporting allegations only reference violations of the ADA.

Regardless of whether Plaintiff alleges violations of the ADA, ELCRA, or the PWDCRA, these claims all fail against Medicolegal. Medicolegal was never Plaintiff's employer and, as such, cannot be held liable for alleged hostile work environment. Moreover, because Medicolegal's doctors merely conducted independent medical examinations of Plaintiff per the request of her then-employer, Oakland University, Plaintiff also fails to state claims against Medicolegal under theories that it somehow discriminated or retaliated against her or failed to accommodate her alleged disability.

Therefore, the Court should dismiss with prejudice Plaintiff's First Amended Complaint against the Counselors pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to L.R. 7.1, Medicolegal could not obtain concurrence from Plaintiff with the relief requested in this Motion.

WHEREFORE, for the reasons discussed more fully in Medicolegal's Brief in Support, this Court should dismiss with prejudice all claims against Medicolegal and award Medicolegal its attorneys' fees and costs in having to respond to Plaintiff's First Amended Complaint.

# BRIEF IN SUPPORT
# TABLE OF CONTENTS

ISSUE PRESENTED ...................................................................................................v

TABLE OF CONTROLLING AND MOST APPROPRIATE AUTHORITIES .... vi

I. INTRODUCTION ...............................................................................................1

II. STATEMENT OF RELEVANT FACTS ...........................................................2

    A. Medicolegal's Role in this Case................................................................2

    B. Procedural History ...................................................................................3

III. ARGUMENT .....................................................................................................4

    A. Standard of Review .................................................................................4

    B. Plaintiff Fails to State Any Cognizable Claim against Medicolegal............5

IV. CONCLUSION .................................................................................................7

## **ISSUE PRESENTED**

Pursuant to Fed. R. Civ. P. 12(b)(6), should this Court dismiss Plaintiff's First Amended Complaint against Medicolegal when Medicolegal was never Plaintiff's employer and its doctors merely conducted independent medical examinations of Plaintiff per her employer's request?

    Medicolegal answers:    Yes

    Plaintiff answers:    No

# TABLE OF CONTROLLING AND
# MOST APPROPRIATE AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................4

*Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) ................................................................4

*Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993) .............................................................4

*Satterfield v. Tennessee*, 295 F.3d 611 (6th Cir. 2002) ................................................5

**Statutes:**

29 U.S.C. § 621 *et seq.* ..................................................................................................3

42 U.S.C. § 12101 *et seq.* ............................................................................................ ii

42 U.S.C. § 12111(2) .....................................................................................................6

Mich. Comp. Laws § 37.1101 *et seq* ........................................................................... ii

Mich. Comp. Laws § 37.1102 ........................................................................................6

Mich. Comp. Laws § 37.1201 *et seq* .............................................................................6

Mich. Comp. Laws § 37.2101 *et seq* ........................................................................... ii

Mich. Comp. Laws § 37.2202(1)(a) ...............................................................................6

**Rules:**

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

## I.   INTRODUCTION

In this matter, three of Medicolegal's doctors conducted independent medical examinations ("IMEs") of Plaintiff per the request of her then-employer, Defendant Oakland University.  The purpose of the IMEs was to determine whether Plaintiff could return back the university's campus after she was involved in an incident after which Oakland University questioned her psychological and neurological health.  Plaintiff freely participated in the IMEs with Medicolegal's doctors, and upon receiving an evaluation that she could return back to work, Oakland University allowed Plaintiff to return to work.

Plaintiff now raises numerous employment-related claims in her First Complaint against Oakland University.  She also has included Medicolegal claiming, pursuant to Count IX, that Medicolegal, Oakland University, and the individual Defendants with ties to the university have created a hostile work environment in violation of the ADA.

Because Medicolegal has never been Plaintiff's employer, nor do the factual allegations support any claims against it, Plaintiff's First Amended Complaint fails to state a claim against Medicolegal upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STATEMENT OF RELEVANT FACTS[1]

### A. Medicolegal's Role in this Case

In this matter, Medicolegal's only role in this case is that of a service provider of IMEs for Oakland University. Medicolegal is a service provider and vendor of IME and review services for clients such as Oakland University.

Plaintiff was an associate professor in the school of nursing at Oakland University. (Doc. #4, First Amended Complaint ("FAC"), ¶ 1.) On or around September 27, 2013, Oakland University had Plaintiff removed from campus following an incident that caused Oakland University to question her psychological and neurological health. (*Id.* at ¶¶ 150, 154.)

Oakland University asked Medicolegal to evaluate Plaintiff's psychological and neurological health. The purpose of the IMEs was to determine whether Plaintiff could return to campus and work. (*Id.* at ¶ 154.) Plaintiff voluntarily participated in the IMEs with Medicolegal's three doctors, Dr. John Baker (neuropsychologist), Dr. Elliott Wolf (psychiatrist), and Dr. Hermann Banks (neurologist).

Upon receiving an evaluation that she could return back to work, Oakland University allowed Plaintiff to return to work. (*Id.* at 156.)

---

[1] For purposes of this Motion only, Medicolegal is treating the allegations in Plaintiff's First Amended Complaint as if they are true pursuant to the standard of review for Rule 12(b)(6). Medicolegal does not waive its right to challenge any of these facts in later proceedings.

**B.     Procedural History**

On September 16, 2015, Plaintiff filed her Complaint against Defendants. On October 2, 2015, Plaintiff filed a First Amended Complaint, which included the following counts:

- Count I – violation of ADA against Oakland University (appearing to involve discrimination and failure to accommodate);

- Count II – race discrimination in violation of Title VII against Oakland University;

- Count III – age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, against Oakland University;

- Count IV – retaliation in violation of the ADA against Oakland University;

- Count V – disability discrimination in violation of the ELCRA against Oakland University;

- Count VI – race discrimination in violation of the ELCRA against Oakland University;

- Count VII – age discrimination in violation of the ELCRA against Oakland University;

- Count VIII – retaliation in violation of the ELCRA against Oakland University; and

- Count IX – hostile work environment in violation of the ADA against all Defendants (in which the allegations only discuss the ADA, but the title of the count references the ELCRA and PWDCRA).

It appears based on the allegations that the sole count against Medicolegal is Count IX for hostile work environment in violation of the ADA.[2]

### III. ARGUMENT

**A. <u>Standard of Review</u>**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635 (6th Cir. 1993). When deciding a motion under that rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state

---

[2] Plaintiff's First Amended Complaint is unclear as to whether the "Does" include any current or former employees or doctors of Medicolegal. The claims fail against these individuals for the same reason that the claims fail against Medicolegal. Moreover, Plaintiff cannot establish individual liability. Medicolegal, therefore, incorporates the portions of Oakland University's motion to dismiss (Doc. #12) related to the lack of individual liability if any of the "Does" include Medicolegal's staff and doctors.

a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Under Rule 12(b)(6), a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id*. at 678. The determination of whether a complaint states a plausible claim for relief involves "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

**B.** **Plaintiff Fails to State Any Cognizable Claim against Medicolegal**

There are no allegations, nor can there be, that Medicolegal was Plaintiff's employer for purposes of her "hostile work environment" claim brought under the ADA. As such, Plaintiff states no legally cognizable claim against Medicolegal.

First, Medicolegal cannot be held liable under the ADA because it doctors examined Plaintiff at the request of Oakland University. In *Satterfield v. Tennessee*, 295 F.3d 611, 617-19 (6th Cir. 2002), the Sixth Circuit held that private physicians who contract with a state employer to conduct physical examinations of employees are not liable as "agents" or "covered entities" for ADA purposes, even

5

though examination results are used to determine employment status. In *Satterfield,* the plaintiff-employee complained that the doctors and clinic violated his rights under the ADA by sharing his medical history with his former employer, the state department – similar to Plaintiff's allegations in this case. The court found that the provisions of Title I of the ADA applied only to a "covered entity," which is defined as "an employer, employment agency, labor organization, or joint labor-management committee." *Id.* 616 (quoting 42 U.S.C. § 12111(2)). The court further rejected the plaintiff's argument that the doctor and clinic were his employer's agent, making them a "covered entity." The court reasoned that because the doctor and clinic did not originally have control over the plaintiff's employment opportunities, nor did the state department delegate control to them, no reasonable jury could find that the doctor and the clinic were the plaintiff's employers for purposes of the ADA. *Id.* at 618.[3]

---

[3] Even if this Court analyzes Plaintiff's claims under the ELCRA and PWDCRA (because she references those acts in the title of Count IX), her claims still fail because Medicolegal is not, and was never, Plaintiff's employer.

The ELCRA provides that an *employer* shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." Mich. Comp. Laws § 37.2202(1)(a).

The PWDCRA also prohibits disability discrimination as to employment opportunities, housing, real estate, and use of public accommodations, public services, and educational facilitates. Mich. Comp. Laws § 37.1102. Arguably, the only section of this act that applies to the fact of this case is Article II, which prohibits discrimination with employment. Mich. Comp. Laws § 37.1201 *et seq.*

6

It is undisputed here that Medicolegal is not and was never Plaintiff's employer. Medicolegal did not have any control over Plaintiff's employment, nor did Oakland University delegate such control to Medicolegal. Even if Medicolegal acted as Oakland University's agent for purposes of conducting the IMEs of Plaintiff, the agency relationship alone is insufficient to render Medicolegal her "employer" for purposes of the ADA.

Alternatively, the First Amended Complaint is devoid of any factual allegations to suggest that Medicolegal took any adverse or discriminatory actions toward Plaintiff. Indeed, Plaintiff returned to work following the completion of the Medicolegal's evaluations of Plaintiff.

Accordingly, Plaintiff's claims against Medicolegal must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when she fails to allege a cognizable claim against Medicolegal.

## IV. CONCLUSION

For the foregoing reasons and pursuant to Fed. R. Civ. P. 12(b)(6), Medicolegal respectfully requests that this Court grant its motion, dismiss with prejudice the claims against it in Plaintiff's First Amended Complaint, and award

---

As discussed above, because Medicolegal is not Plaintiff's employer, nor do any of the allegations demonstrate that Medicolegal took an adverse action against Plaintiff or discriminated against her, Plaintiff's claims should be dismissed.

7

Medicolegal its attorneys' fees and costs in having to respond to Plaintiff's First Amended Complaint.

                                                Respectfully submitted,
                                                JACKSON LEWIS P.C.

                                                /s/Katherine J. Van Dyke
                                                Katherine J. Van Dyke (P62806)
                                                2000 Town Center, Suite 1650
                                                Southfield, Michigan 48075
                                                (248) 936-1900
                                                katherine.vandyke@jacksonlewis.com
                                                Attorney for Defendant Medicolegal
                                                Services, LLC

Dated: October 30, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                              JACKSON LEWIS P.C.

                              /s/Katherine J. Van Dyke
                              Katherine J. Van Dyke (P62806)
                              2000 Town Center, Suite 1650
                              Southfield, Michigan 48075
                              (248) 936-1900
                              katherine.vandyke@jacksonlewis.com
                              Attorney for Defendant Medicolegal
                              Services, LLC

Dated: October 30, 2015

4848-1403-8058, v. 1