UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HAWTHORNE-BURDINE,

Plaintiff,

v.

OAKLAND UNIVERSITY, ET AL.,

Defendants.
_____/

Case No. 15-cv-13285

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER STRIKING PLAINTIFF'S RESPONSE TO MEDICOLEGAL SERVICE'S MOTION TO DISMISS [25], INDEX OF EXHIBITS 1 [26], EXHIBIT C [27], AND EXHIBIT INDEX LIST [28] AS UNTIMELY, AND DENYING PLAINTIFF'S MOTION TO SEAL [30] AND MOTION TO STRIKE [31] AS MOOT**

On September 16, 2015, Plaintiff Dorothy Hawthorne-Burdine ("Plaintiff"), filed her Complaint against Oakland University, 30 named defendants, and Does 1–100 (collectively, "Defendants"). Dkt. No. 1. On September 23, 2015, Plaintiff filed a 57 page, 300 paragraph First Amended Complaint. Dkt. No. 4. Defendants filed a Motion to Dismiss and/or Motion for Summary Judgment on October 29, 2015. Dkt. No. 12. Defendant Medicolegal Services, LCC filed a separate Motion to Dismiss on October 30, 2015. Dkt. No. 14.

Plaintiff was given two extensions to file her response briefs no later than December 7, 2015. One response was submitted on time, Dkt. No. 24, and the other, Dkt. No. 25, was submitted the following day. Plaintiff's exhibits to the first

-1-

response brief were submitted three days past the deadline. *See* Dkt. No. 28. In total, Plaintiff's Responses and attached exhibits totaled 1,452 pages in length. As the Court did not receive courtesy copies required by the Electronic Case Filing (ECF) Policies and Procedures, the Court issued an order, Dkt. No. 29, directing Plaintiff to submit these documents to chambers. Plaintiff then filed two motions, Dkt. No. 30–31, seeking to strike duplicative filings, Dkt. No. 26–27, and seal an exhibit she herself filed without complying with Local Rule 5.3(a).

Although pro se complaints are held to a "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Federal Rule of Civil Procedure 6(b) allows the Court to extend the time within which a pleading must be filed with or without a motion if the Court acts before the original time period expires. Fed. R. Civ. P. 6(b)(1)(A). Here, the Court granted Plaintiff two extensions in which she was to respond to the motions to dismiss by December 7, 2015. The Court explicitly noted that no other extensions were to be granted. Thus, Plaintiff's December 8, 2015 and December 10, 2015 filings were untimely.

As such, the Court disregards and **HEREBY STRIKES** Plaintiff's Response to Medicolegal Service's Motion to Dismiss [25], Index of Exhibits 1

[26], Exhibit C [27], and Index List [28]. As Plaintiff's Motion to Seal [30] and Motion to Strike [31] addressed the documents to be striken, these motions are **DENIED** as moot.

    IT IS SO ORDERED.

Dated: December 17, 2015

                                        /s/Gershwin A Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge